**SEND**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 08-966-VAP (CTx)                            Date: August 22, 2008

Title:   MELANIE R. ROSEBOROUGH -v- TRAVEL CENTER OF AMERICA, MITCHELL LEACH, etc., et al.
==========================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                        None Present
   Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

   None                                               None

PROCEEDINGS:   MINUTE ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR QUASH SERVICE AND (2) ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED (IN CHAMBERS)

   On June 19, 2008, Plaintiff Melanie R. Roseborough, acting in pro se, filed a "Civil Complaint Pursuant to California Government Code Section 844.6(d)" in the California Superior Court for the County of San Bernardino. The Complaint alleges violations of Plaintiff's Fifth and Fourteenth Amendment rights by Defendants Travel Center of America ("Travel Center") and Mitchell Leach. On July 18, 2008, Defendants removed the Complaint to this Court on the basis of federal question jurisdiction. (Notice of Removal ¶ 5.)

EDCV 08-966-VAP (CTx)
MELANIE R. ROSEBOROUGH v TRAVEL CENTER OF AMERICA, MITCHELL LEACH, etc., et al.
MINUTE ORDER of August 22, 2008

On July 23, 2008, Defendants filed a "Motion Pursuant to FRCP 12(b)(5) to Dismiss Plaintiff's Complaint, or, Alternatively, to Quash Service" ("Motion" or "Mot.") and the Declaration of Michelle Leach ("Leach Decl.").[1]  Plaintiff has not filed any Opposition.

### A.    Motion to Dismiss or to Quash Service

Defendants have provided evidence that Plaintiff attempted to serve the Complaint on them by leaving it with a non-managerial employee of Defendant Travel Center, who refused to accept service and was not authorized to do so. (Leach Decl. ¶¶ 2-3.)  The sufficiency of service of process before removal is determined according to state law.  See Anderson v. Allstate Ins. Co., 630 F.2d 677, 682 (9th Cir. 1980).  Under the state rules governing service of process, which applied at the time of Plaintiff's attempted service, this did not constitute proper service.  See Cal. Civ. Proc. Code §§ 415.10-415.30 (requiring personal delivery, delivery to an authorized agent, or substituted service coupled with service by mail.)

Despite Plaintiff's failed attempt to serve Defendants, the Federal Rules of Civil Procedure provide for 120 days to serve a defendant with the summons and complaint.  Fed. R. Civ. P. 4(m).  The 120-day period runs from the date of removal to federal court.  28 U.S.C. § 1448; Ibrahim v. California, No. C 03-04156 JSW, 2004 WL 2397588, *1 (N.D. Cal. Oct. 26, 2004).  Plaintiff therefore has 120 days from July 18, 2008, the date of removal, to effect service in a manner allowed by  Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, the Court DENIES Defendants' Motion to Dismiss and GRANTS Defendants' alternative Motion to Quash Service.  Plaintiff shall serve process on Defendants in accordance with the Federal Rules of Civil Procedure.

### B.    Order to Show Cause

Plaintiff's Complaint brings claims for violations of the U.S. Constitution against Defendants Travel Center and Leach, who apparently are private parties.  The Constitution generally does not regulate the behavior of a private party, unless a

---

[1] Plaintiff has sued Defendant Leach erroneously as "Mitchell Leach."

EDCV 08-966-VAP (CTx)
MELANIE R. ROSEBOROUGH v TRAVEL CENTER OF AMERICA, MITCHELL LEACH, etc., et al.
MINUTE ORDER of August 22, 2008

plaintiff can allege facts showing that the private party engaged in state action under color of law.  See 42 U.S.C. § 1983; Brunette v. Humane Soc'y of Ventura County, 294 F.3d 1205, 1208 (9th Cir. 2002) (citations omitted).

　　　　Plaintiff therefore is ORDERED to show cause in writing why her Complaint should not be dismissed for failure to state a claim.  Plaintiff may respond by filing a First Amended Complaint.  Plaintiff shall file any response no later than Monday, September, 8, 2008.  Failure to respond in writing by that date may result in dismissal of the action.

　　　**IT IS SO ORDERED.**